**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HERMILO MALDONADO, on behalf of himself and all other similarly situated persons, known and unknown, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 3395 |
| | ) | |
| v. | ) | Judge Milton I. Shadur |
| | ) | |
| TRUJILLO & TRUJILLO CORP. d/b/a TACOS & BURRITOS RANCHO GRANDE, and JORGE A. TRUJILLO, individually, | ) ) ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR APPROVAL OF**
**SETTLEMENT AGREEMENT WITH HERMILO MALDONADO**

Plaintiff Hermilo Maldonado ("Plaintiff") and Defendants Trujillo & Trujillo Corp. and Jorge A. Trujillo ("Defendants") (collectively referred to as the "Parties"), through their respective counsel, seek approval of their settlement in this collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"). The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona* fide dispute between the Parties. In support of their motion the Parties state as follows:

1.      On April 16, 2015, Plaintiff filed a two-count Complaint against Defendants alleging that Defendants violated the FLSA and IMWL. Dkt. 1. Plaintiff specifically alleged that he and other similarly situated individuals were not paid minimum wage or at a premium rate for hours worked above forty (40) in a workweek. Defendants deny that they violated the FLSA and IMWL.

2.      Since the filing of the Complaint the parties have obtained two extensions of time for Defendants to answer or otherwise plead so that the parties could negotiate an early resolution of Plaintiff's claims.

3.      The Parties have engaged in extensive arm's-length settlement negotiations privately through counsel. As part of their settlement negotiations, the parties analyzed and discussed Plaintiff's claims, exchanged documents and information, including the hours and wages Plaintiff was compensated.  The parties have come to an agreement and now submit it for Court approval.

4.      Court approval of FLSA settlements is necessary to effectuate a valid and enforceable release of FLSA claims asserted.   *See Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986).  Under the FLSA, employees may settle their claims if the Parties agree on the terms, the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982).  Based upon the foregoing, the Parties request that this Court review their Settlement Agreement and General Release and approve the same.  A copy of the Settlement Agreement and General Release was submitted to the Court for an in-camera review.

5.      The settlement was the product of arm's-length negotiations by the Parties.  It provides full relief to the Plaintiff and eliminates the inherent risks both sides would bear if this litigation were to continue.  Given these circumstances, a presumption of fairness should attach to the proposed settlement.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

6.      Should this matter have continued, the Parties would have conducted discovery, briefed a potential Motion to Certify a Class Action and potentially filed dispositive motions.

7.      If Plaintiff prevailed on his claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay attorneys' fees and costs.  If Defendants prevailed, Plaintiff faced dismissal of his claims and no recovery.  Counsel for both Parties agree that either outcome was possible in this litigation, particularly given that some issues were factual and a trier of fact would have had to resolve them.

8.      Lastly, Defendants does not oppose the amount of attorneys' fees and costs sought by Plaintiff.

9.      For all of these reasons, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

10.     The Parties request that this Court initially dismiss this lawsuit without prejudice, with each parties to bear their own costs in accordance with the Settlement Agreement and General Release, and that the dismissal will automatically convert to be a dismissal with prejudice, with no further action required by the parties, on August 31, 2015, unless Plaintiff files a Motion to Reinstate the case on or before August 31, 2015.  If a Motion to Reinstate is filed, it shall be solely for the purpose of enforcing the Settlement Agreement and General Release.

11.     The Parties will submit a Joint Proposed Order for the Court's consideration to Proposed_Order_Shadur@ilnd.uscourts.gov.

WHEREFORE, the Parties respectfully request that this Court approve their negotiated Settlement Agreement and General Release and dismiss this lawsuit initially without prejudice with each party to bear their own fees and costs in accordance with the Settlement Agreement.

The dismissal shall automatically convert to be with prejudice on August 31, 2015, unless Plaintiff files a Motion to Reinstate by that date for the sole purpose of enforcing the terms of the Settlement Agreement. Trujillo & Trujillo Corp. and Jorge A. Trujillo

Dated:  July 27, 2015

Respectfully submitted,

s/ Raisa Alicea
Raisa Alicea
CONSUMER LAW GROUP, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
ralicea@yourclg.com

*Attorney for Plaintiff*

s/Antonio Caldarone
Antonio Caldarone
LANER MUCHIN, LTD.
515 N. State Street, Suite 2800
Chicago, IL 60654
acaldarone@lanermuchin.com

*Attorneys for Defendants*